EXHIBIT E

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-533-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-534-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-535-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-536-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-537-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-538-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-539-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-540-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-541-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-542-ADA |
| HUAWEI TECHNOLOGIES CO. LTD., ET AL. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-543-ADA |
| HUAWEI INVESTMENT & HOLDING CO., LTD., | § § § | |
| Defendants. | § § § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-CV-544-ADA |
| HUAWEI INVESTMENT & HOLDING CO., LTD., | § § § | |
| Defendants. | § § | |

## **HUAWEI'S PRELIMINARY INVALIDITY CONTENTIONS**

## I.     **INTRODUCTION**

Pursuant to the Scheduling Order, Defendants (collectively "Huawei" or "Defendants")

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

hereby disclose their Preliminary Invalidity Contentions ("Invalidity Contentions") with respect to the patent claims asserted by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") in its Preliminary Infringement Contentions ("Infringement Contentions") served on October 9, 2020.  Plaintiff asserts infringement of the following claims:

- Claims 1-4, 6, 7, 10, 18, 22, 29, 30 of U.S. Patent No. 6,882,627 ("**the 627 Patent**")

- Claims 1, 3-6 of U.S. Patent No. 7,095,713 ("**the 713 Patent**")

- Claims 1, 3-5, 7, 8, 10, 12, 13, 15, 16, 18, 20, 22, 23, 25 of U.S. Patent No. 7,508,755 ("**the 755 Patent**")

- Claims 1, 3, 4, 6, 7 of U.S. Patent No. 7,515,546 ("**the 546 Patent**")

- Claims 1-27 of U.S. Patent No. 7,860,512 ("**the 512 Patent**")

- Claims 1, 4, 9, 12 of U.S. Patent No. 7,872,973 ("**the 973 Patent**")

- Claims 1-15 of U.S. Patent No. 8,200,224 ("**the 224 Patent**")

- Claims 1, 2, 11 of U.S. Patent No. 8,417,112 ("**the 112 Patent**")

- Claims 1-18 of U.S. Patent No. 9,084,199 ("**the 199 Patent**")

- Claims 1, 4, 5, 15 of U.S. Patent No. 8,249,446 ("**the 446 Patent**")

- Claims 1, 4-7 of U.S. Patent No. 6,999,727 ("**the 727 Patent**")

- Claims 1-20 of U.S. Patent No. 8,429,480 ("**the 480 Patent**")

(collectively referred to as "**the Asserted Claims**" and "**the Asserted Patents**")

Huawei hereby provides its invalidity disclosures and related production of documents pertaining only to the Asserted Claims as identified by Plaintiff in their Infringement Contentions. With respect to each asserted claim and based on its investigate to date, Huawei hereby: (a) identifies each currently known item of prior art that either anticipates or renders obvious each asserted claim; (b) submits a chart identifying where each element in each asserted claim is found

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

(c) identifies any limitations that Huawei contends are indefinite under 35 U.S.C. § 112 ¶ 2 (pre-AIA) or lack enablement or written description under 35 U.S.C. § 112 ¶ 1 (pre-AIA), and (d) identifies any claims that Huawei contends are directed to ineligible subject matter under 35 U.S.C. § 101.  Huawei further relies on and incorporates all prior art references and/or technology cited and/or admitted in the Asserted Patents and their respective prosecution histories and prosecution histories of the foreign counterpart of the Asserted Patents.  Huawei further relies on and incorporates by reference, as if originally set forth herein, all invalidity positions, and all associated prior art and claim charts, disclosed to Plaintiff by potential or actual licensees to any of the Asserted Claims.  Huawei hereby discloses and identifies as if originally set forth herein, all prior art references listed and/or asserted in the above as invalidating prior art against each of the Asserted Claims.

In addition, based on its investigation to date Huawei hereby produces the documents currently in its possession, custody, or control requirement to accompany these Invalidity Contentions in accordance with the Scheduling Order.

## II.  RESERVATION OF RIGHTS

Huawei hereby provides its Invalidity Contentions and related documents pertaining only to the Asserted Claims as identified by Plaintiff in its Infringement Contentions.  Huawei reserves the right to modify, amend, or supplement these Invalidity Contentions to show the invalidity of any additional claims that the Court may allow Plaintiff to later assert.  These Invalidity Contentions are prepared and served in response to Plaintiff's Infringement Contentions.  Plaintiff's Infringement Contentions are insufficient as they lack proper and complete disclosure as to how Huawei allegedly infringes the Asserted Claims.  Huawei reserves the right to modify,

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

amend, or supplement these Invalidity Contentions should Plaintiff correct, clarify, or supplement its Infringement Contentions.

Huawei's Invalidity Contentions and selection of documents accompanying them are based on information currently available to Huawei and subject to further revision.  For example, Plaintiffs (or their counsel) may be in possession of prior art that has not been disclosed to Huawei. As another example, because discovery has not begun, Huawei reserves the right to amend or supplement the information provided herein, including identifying and relying on additional references.

Huawei makes no explicit or implicit expression of any position regarding claim construction in these Invalidity Contentions.  Any statement herein describing or tending to describe any claim element is provided solely for the purpose of understanding the relevant prior art.  Moreover, by including specific prior art references in these Invalidity Contentions based on a particular construction of the Asserted Claims, including the construction apparently applied by Plaintiff in its Infringement Contentions, Huawei does not adopt or concede the accuracy of any such construction.  Also, Huawei objects to the any attempt to infer claim construction for any identified of potential prior art.   In instances where Huawei asserts that the Asserted Claims are invalid under 35 U.S.C. § 112 (pre-AIA) (e.g., no written description, not enabled, or indefinite), Huawei has applied the prior art in accordance with its assumption that Plaintiff contends such Asserted Claims are (1) definite, (2) have written description support, and (3) are enabled. However, Huawei's Invalidity Contentions do not represent its agreement or view as to the meaning, definiteness, written description support for, or enablement of any asserted claim.  These Invalidity Contentions and accompanying documents are not intended to reflect Huawei's claim

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

construction positions, which will be disclosed in accordance with the Court's Scheduling Order. Huawei specifically reserve the right to contest any claim construction advanced by Plaintiff.

Huawei's contentions may change depending on the Court's construction of the Asserted Claims, any findings as to the priority date of the Asserted Claims, and/or positions that Plaintiff or its expert witness(es) may take concerning claim construction, infringement, and/or invalidity issues. Prior art not included in this disclosure, whether known or unknown to Huawei, may become relevant. In particular, Huawei is currently unaware of the extent, if any, to which Plaintiff will contend that limitations of the Asserted Claims are not disclosed in the prior art identified by Huawei, or will contend that any of the identified references do not qualify as prior art. To the extent that such an issue arises, Huawei reserves the right to identify other references that, *inter alia*, would have made the addition of the allegedly missing limitation to the disclosed device or method obvious.

The identification of any patent or patent publication shall be deemed to include any counterpart patent or application filed, published, or issued anywhere in the world. The identification of any specifications published by any standard-setting organization shall be deemed to include any earlier or later version of the specifications with the same or similar disclosures. The citation to any specifications published by standard-setting organizations shall be deemed to include any product that implements such specifications and that would qualify as prior art under 35 U.S.C. § 102, e.g., under Section 102(a), 102(b), or 102(g)(2) (all pre-AIA).

Huawei's claim charts cite to particular teachings and disclosures of the prior art as applied to features of the Asserted Claims. However, persons of ordinary skill in the art may view an item of prior art in the context of other publications, literature, products, and understanding. As such, the cited portions are only exemplary, and Huawei reserves the right to rely on uncited portions of

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

the prior art references and on other publications and expert testimony as aids in understanding and interpreting the cited portions, as providing context thereto, and as additional evidence that the prior art discloses a claim limitation. Huawei further reserves the right to rely on uncited portions of the prior art references, other publications, and testimony to establish bases for combinations of certain cited references that render the Asserted Claims obvious. Further, for any combination, Huawei reserves the right to rely additionally on information generally known to those skilled in the art or common sense.

The references discussed in the claim charts may disclose the elements of the Asserted Claims explicitly or inherently, or they may be relied upon to show the state of the art in the relevant time frame. The suggested obviousness combinations are provided in the alternative to Huawei's anticipation contentions and are not to be construed to suggest that any reference included in the combinations is not by itself anticipatory.

Huawei reserves the right to challenge any claim that any respective Asserted Claim is entitled to a priority date earlier than the filing date of the Asserted Patents. Defendant further reserves the right to seek discovery regarding any alleged conception and reduction to practice dates, as appropriate, and to demonstrate earlier invention by other parties under 35 U.S.C. § 102(g) (pre-AIA).

Huawei further reserves the right to take discovery on the issues of improper inventorship and/or derivation under 35 U.S.C. § 102(f) (pre-AIA), public use and/or the on-sale bar under 35 U.S.C. § 102(b) (pre-AIA), improper foreign or domestic priority date of any Asserted Patents, and/or applicants' failure to comply with 35 U.S.C. § 112 (Pre-AIA). Defendant accordingly reserves all rights to further supplement or amend these Invalidity Contentions if and when further information is discovered or becomes available.

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Where Huawei identifies a particular figure in a prior art reference, that identification encompasses the caption and description of the figure as well as any text relating to the figure in addition to the figure itself.  Similarly, where an identified portion of text refers to a figure or other material, that identification encompasses the referenced figure or other material as well.

## III.   INVALIDITY CONTENTIONS

### A.   Contentions under 35 U.S.C. §§ 102 (pre-AIA) and 103 (pre-AIA)

Pursuant to the Scheduling Order, and subject to Huawei's reservation of rights, Huawei identifies each item of prior art that anticipates or renders obvious one or more of the Asserted Claims.

### 1.   627 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 627 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date(s) | Short Name |
|---|---|---|
| U.S. 7,031,299 | Filed: January 26, 2001; Issued: April 18, 2006 | Chaudhuri |
| U.S. 5,856,981 | Filed: May 15, 1997; Issued: January 5, 1999 | Voelker |
| U.S. 6,847,607 | Filed: June 1, 2000; Issued: January 25, 2005 | Kasdan |
| U.S. 8,103,789 | Filed: March 1, 2001; Issued: January 24, 2012 | Gan |
| U.S. 6,256,295 | Filed: September 25, 1997; Issued: July 3, 2001 | Callon |
| U.S. 6,947,376 | Filed: October 21, 1999; Issued: September 20, 2005 | Deng |
| U.S. 5,872,773 | Filed: May 17, 1996; Issued: February 16, 1999 | Katzela |
| U.S. 5,983,274 | Filed: May 8, 1997; Issued: November 9, 1999 | Hyder |
| U.S. 2006/0051090 | Filed: March 12, 2001; Published: March 9, 2006 | Saniee |
| U.S. 2001/0032271 | Filed: December 27, 2000; | Allen |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

|  | Published: October 18, 2001 |  |
|---|---|---|
| U.S. 2002/0097671 | Provisional filed: December 21, 2000; Published: July 25, 2002 | Doverspike-671 |
| U.S. 2002/0112072 | Provisional filed: February 12, 2001; Published: August 15, 2002 | Jain-072 |
| CA2220469 | Filed: November 7, 1997; Published: February 13, 2001 | Iwata |
| EP0936547 | Filed: February 1, 1999; Published: August 18, 1999 | Boggs |

| Publication | Date(s) | Short Name |
|---|---|---|
| Capacity Performance of Dynamic Provisioning in Optical Networks | Published: January 2001 | Ramamurthy |
| IP Over Optical Networks: A Framework | No later than May 24, 2001 | Rajagopalan |
| Restoration Services for the Optical Internet | October 5, 2000 | Hjalmtysson |
| Disjoint Paths in a Network | 1974 | Suurballe |
| Survivable Networks: Algorithms for Diverse Routing | 1999 | Bhandari |

## 2.    713 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 713 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date(s) | Short Name |
|---|---|---|
| U.S. 4,679,189 | Filed: November 27, 1985; Issued: July 7, 1987 | Olson |
| U.S. 2002/0184387 | Filed: May 28, 2002; Published: December 5, 2002 | Yamaya |
| U.5. 5,303,078 | Filed: June 22, 1992; Issued: April 12, 1994 | Brackett |
| U.S. 6,978,459 | Filed: April 13, 2001; Issued: December 20, 2005 | Dennis |
| U,S. 2003/0202520 | Filed: April 26, 2002; Published: October 30, 2003 | Witkowski |
| U.S. 2002/0067693 | Provisional filed: October 12, 2000; Published: June 6, 2002 | Kodialam |
| U.S. 5,586,112 | Filed: December 13, 1994; | Tabata |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

|  |  |  |
|---|---|---|
|  | Issued: December 17, 1996 |  |
| U.S. 5,590,119 | Filed: August 28, 1995; Issued: December 31, 1996 | Moran |
| U.S. 6,882,626 | Filed: June 1, 2000; Issued: April 19, 2005 | Marathe |
| U.S. 7,120,151 | Filed: September 27, 2001; Issued: October 10, 2006 | Ginjpalli |
| U.S. 2001/0030945 | Filed: February 8, 2001; Published: October 18, 2001 | Soga |
| U.S. 2003/0135642 | Filed: December 21, 2001; Published: July 17, 2003 | Benedetto |
| U.S. 6,032,194 | Filed: December 24, 1997; Issued: February 29, 2000 | Gai |
| U.S. 6,678,241 | Filed: November 30, 1999; Issued: January 13, 2004 | Gai241 |
| U.S. 7,061,875 | Filed: December 7, 2001; Issued: June 13, 2006 | Portolani |
| U.S. 7,881,208 | Filed: June 18, 2001; Issued: February 1, 2011 | Nosella |
| WO 2003/085900 | Filed: March 25, 2003; Published: October 16, 2003 | Lee |
| EP1111860 | Filed: December 15, 2000; Published: June 27, 2001 | Fredette |
| FR2836314A1 | Filed: February 21, 2002 Published: August 22, 2003 | Louis |

| Publication | Date(s) | Short Name |
|---|---|---|
| Designing High-Performance Campus Intranets with Multilayer Switching | No later than September 3, 2000 | Haviland |
| Catalyst 2950 Desktop Switch Software Configuration Guide | No later than February 28, 2003 | Catalyst |
| Cisco Systems, Catalyst 2950 Desktop Switch Software Configuration Guide (Nov. 2002) | Published: November 2002 | Catalyst2 |
| Fast Reroute Techniques in RSVP-TE | Published: October 2001 | Pan |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

### 3.   755 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 755 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 7,093,027 | Filed: July 23, 2002; Issued: August 15, 2006 | Shabtay-027 |
| U.S. 7,345,991 | Filed: May 28, 2003; Issued: March 18, 2008 | Shabtay-991 |
| U.S. 7,944,817 | Filed: October 7, 2002; Issued: May 17, 2011 | Sylvain |
| U.S. 7,804,767 | Filed: October 25, 2000; Issued: September 28, 2010 | Owens |
| U.S. 6,970,417 | Filed: December 28, 1999; Issued: November 29, 2005 | Doverspike-417 |
| U.S. 2004/0076151 | Filed: October 21, 2002; Published: April 22, 2004 | Fant |
| U.S. 2003/0189898 | Filed: April 4, 2002; Published October 9, 2003 | Cedell |
| U.S. 2002/0093954 | Filed: July 2, 2001; Published: July 18, 2002 | Weil |
| U.S. 2002/0112072 | Filed: February 7, 2002; Published: August 15, 2002 | Jain-072 |
| U.S. 2003/0126287 | Filed: January 2, 2002; Published: July 3, 2003 | Charny |
| U.S. 2003/0112749 | Filed: December 18, 2002; Published: June 19, 2003 | Hassink |

| Publication | Date(s) | Short Name |
|---|---|---|
| RSVP-TE Extensions in Support of End-to-End GMPLS-based Recovery | February 2003 | Lang |
| RSVP-TE Extensions in Support of End-to-End GMPLS-based Recovery | May 2003 | Lang II |
| Adding QoS Protection in Order to Enhance MPLS QoS Routing | May 2003 | Marzo |
| Link Failure Recovery for MPLS Networks with Multicasting | August 2002 | Pointurier |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

### 4. 546 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 546 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 6,981,036 | Filed: June 6, 2000; Issued: December 27, 2005 | Hamada |
| U.S. 6,442,144 | Filed: June 15, 1998; Issued: August 27, 2002 | Hansen |
| U.S. 5,185,860 | Filed: May 3, 1990; Issued: February 9, 1993 | Wu |
| U.S. 6,272,537 | Filed: November 17, 1997; Issued: August 7, 2001 | Kekic |
| U.S. 6,377,987 | Filed: April 30, 1999; Issued: April 23, 2002 | Kracht |
| U.S. 6,040,834 | Filed: December 31, 1996; Issued: March 21, 2000 | Jain-834 |
| U.S. 6,173,323 | Filed: December 24, 1997; Issued: January 9, 2001 | Moghe |
| U.S. 7,200,651 | Filed: July 2, 1999; Issued: April 3, 2007 | Niemi |
| U.S. 5,958,012 | Filed: July 15, 1997; Issued: September 28, 1999 | Battat |
| U.S. 6,047,279 | Filed: November 17, 1997; Issued: April 4, 2000 | Barrack |
| U.S. 7,139,823 | Filed: August 23, 2001; Issued: November 21, 2006 | Benfield |
| U.S. 6,496,859 | Filed: November 25, 1998; Issued: December 17, 2002 | Roy |
| U.S. 6,795,403 | Filed: March 31, 2000; Issued: September 21, 2004 | Gundavelli |
| U.S. 6,076,106 | Filed: January 30, 1998; Issued: June 13, 2000 | Hamner |
| U.S. 5,978,845 | Filed: Mar. 25, 1997; Issued: Nov. 2, 1999 | Reisacher |
| U.S. 6,539,540 | Filed: May. 24, 1999; Issued: Mar. 25, 2003 | Noy |
| U.S. 5,710,885 | Filed: Nov. 28, 1995; Issued: Jan. 20, 1998 | Bondi |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| U.S. 7,272,644 | Filed: Sep. 29, 2000; Issued: Sep. 18, 2007 | Kumar |
|---|---|---|
| U.S. 2003/0005100 | Filed: June 28, 2001; Published: January 2, 2003 | Barnard |
| U.S. 2002/0032761 | Filed: January 29, 2001; Published: March 14, 2002 | Aoyagi |
| U.S. 2002/0174198 | Filed: May 16, 2001; Published: November 21, 2002 | Halter |
| U.S. 2002/0156920 | Filed: April 20, 2001; Issued: October 24, 2002 | Conrad |
| U.S. 2004/0031030 | Filed: February 5, 2001; Published: February 12, 2004 | Kidder |
| U.S. 2005/0198247 | Filed: September 10, 2004; Published: September 8, 2005 | Perry |
| U.S. 2003/0097438 | Filed: October 15, 2001; Published: May 22, 2003 | Bearden |
| U.S. 2003/0046427 | Filed: April 22, 2002; Published: March 6, 2003 | Goringe |
| WO1998018306 | Filed: October 27, 1997; Published: May 7, 1998 | Ekstrom |
| WO2001076194 | Filed: February 16, 2001; Published: October 11, 2001 | Barrett |
| WO2001086844 | Filed: May 7, 2001; Published: November 15, 2001 | Ball |
| GB2362302 | Filed: May 8, 2000; Published: November 14, 2001 | Tams |
| EP1088425 | Filed: May 1, 1999; Published: April 4, 2001 | Desnoyers |
| EP1102433 | Filed: November 14, 2000; Published: May 23, 2001 | Sundaram |
| EP1006690 | Filed: November 30, 1999; Published: June 7, 2000 | Fortin |
| CN1238618 | Filed: March 30, 1999; Published: December 15, 1999 | Song |

| Publication | Date(s) | Short Name |
|---|---|---|
| An Algorithm for Automatic Topology Discovery of IP Networks | June 1998 | Lin |
| Introduction to Switch Technology: Improving the Performance of Ethernet Networks | December 2000 | Thomas |
| Network Analysis 101: The Basic Flow of Data | July 1999 | Chappell |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| Total SNMP: Exploring the Simple Network Management Protocol | 1998 | Harnedy |
| Internet Control Message Protocol | 1981 | Postel |
| A Simple Network Management Protocol (SNMP), Request for Comments: 1157 | 1990 | Case |
| Introduction to Community-based SNMPv2 | January 1996 | Case-2 |
| SNMP Communications Service, Request for Comments: 1270 | October 1991 | Kastenholz |
| Management Information Base for Network Management of TCP/IP-based Internets: MIB-II | 1991 | McCloghrie |
| A Primer on Internet and TCP/IP Tools and Utilities | 1997 | Kessler |
| ICMP Router Discovery Messages | September 1991 | Deering |
| AIX NetView/6000 | 1992 | Chou |

### 5.     512 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 512 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
| --- | --- | --- |
| U.S. 7,068,607 | Provisional filed: August 31, 2000; Issued: June 27, 2006 | Partain |
| U.S. 7,415,504 | Provisional filed: February 26, 2001; Issued: August 19, 2008 | Schiavone |
| U.S. 2005/0159167 | PCT filed: March 25, 2002; Published: July 21, 2005 | Hakalin |
| U.S. 6,701,149 | Provisional filed: July 19, 1999; Issued: March 2, 2004 | Sen |
| U.S. 7,477,609 | PCT filed: January 10, 2002; Issued: January 13, 2009 | Agin |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| U.S. 5,678,178 | PCT filed: June 30, 1993; Issued: October 14, 1997 | Tahkokorpi |
| U.S. 5,844,886 | Filed: December 30, 1996; Issued: December 1, 1998 | Szentesi |
| U.S. 6,760,303 | Filed: March 29, 2000; Issued: July 6, 2004 | Brouwer |
| U.S. 6,968,192 | Filed: June 7, 2001; Issued: November 22, 2005 | Longoni |
| U.S. 7,133,676 | Filed: August 24, 2001; Issued: November 7, 2006 | Iguchi |
| U.S. 7,542,779 | PCT filed: October 9, 2001; Issued: June 2, 2009 | Halonen779 |
| U.S. 7,356,037 | PCT filed: February 10, 1999; Issued: April 8, 2008 | Bruenle |
| WO 2002/032174 | Filed: October 9, 2001; Published: April 18, 2002 | Halonen |
| WO 2002/052869 | Filed: December 27, 2001; Published: July 4, 2002 | Satt |
| WO 2002/032173 | Filed: October 9, 2001; Published: April 18, 2002 | Ramos |
| WO 2003/096733 | PCT filed: May 8, 2002; Published: November 20, 2003 | Lakkakorpi |
| WO 2001/099340 | PCT filed: June 19, 2001; Published: December 27, 2001 | Heiner |
| WO 2003/055167 | PCT filed: December 21, 2001; Published July 3, 2003 | Tuulos |
| P2000-78146A | Filed: August 28, 1998; Published: March 14, 2000 | Sato |
| P2000-197088A | Filed: December 25, 1998; Published: July 14, 2000 | Inaba |
| GB2350025A | Filed: March 11, 1997; Published: November 15, 2000 | Kanai |
| EP1156693A1 | Filed: December 27, 2000; Published: November 21, 2001 | Takao |
| CN1352508 | Filed: November 2, 2001; Published: June 5, 2002 | Kim |
| EP1418782 | Filed: June 11, 2002 Published: May 12, 2004 | Meago |

| Publication | Date(s) | Short Name |
|---|---|---|
| Performance Evaluation of Common Radio Resource Management (CRRM) | No later than May 2, 2002 | Tolli |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

In addition to the above, Huawei contends that the Asserted Claims of the 512 Patent are invalid in light of the claims of U.S. Pat. App. 10/528,080 (now U.S. Pat. No. 7,305,241) and the doctrine of obviousness-type double patenting.

### 6.     973 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 973 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 2004/0032827 | Filed: August 15, 2002; Published: February 19, 2004 | Hill |
| U.S. 2005/0138197 | Filed: December 19, 2003; Published: June 23, 2005 | Venables |
| U.S. 2005/0147032 | Provisional filed: December 22, 2003; Published: July 7, 2005 | Lyon |
| U.S. 6,256,674 | Provisional filed: July 19, 1995; Issued: July 3, 2001 | Manning |
| U.S. 2004/0257991 | Filed: June 20, 2003; Published: December 23, 2004 | Sterne |
| U.S. 8,072,887 | Filed: February 7, 2005; Issued: December 6, 2011 | Siva |
| U.S. 2003/0123393 | Filed: January 3, 2002; Published: July 3, 2003 | Feuerstraeter |
| U.S. 5,402,416 | Filed: January 5, 1994; Issued: March 28, 1995 | Cieslak |
| U.S. 7,420,919 | Filed: November 10, 2003; Issued: September 2, 2008 | Toudeh-Fallah |
| U.S. 2004/0136379 | Provisional filed: March 13, 2000; Published: July 15, 2004 | Liao |
| U.S. 5,898,671 | Provisional filed: September 14, 1995; Issued: April 27, 1999 | Hunt |
| U.S. 6,775,293 | Filed: June 30, 2000; Issued: August 10, 2004 | Robotham |
| U.S. 6,859,435 | Provisional filed: October 13, 1999; Issued: February 22, 2005 | Lee |
| U.S. 6,922,390 | Filed: June 15, 1999; Issued: July 26, 2005 | Chapman |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| U.S. 6,973,032 | Filed: December 4, 2000; Issued: December 6, 2005 | Casley |
| U.S. 2004/0071086 | PCT filed: November 20, 2001; Published: April 15, 2004 | Haumont |
| U.S. 2007/0058651 | Filed: August 30, 2005; Published: March 15, 2007 | Bowen |
| U.S. 2006/0164979 | Filed: January 24, 2005; Published: July 27, 2006 | Pirbhai |
| U.S. 2006/0164989 | Filed: January 24, 2005; Published: July 27, 2006 | Hart |
| U.S. 2007/0133419 | Filed: December 13, 2005; Published: June 14, 2007 | Segel |

| Publication | Date(s) | Short Name |
|---|---|---|
| SIFT: A simple algorithm for tracking elephant flows, and taking advantage of power laws | September 2005 | Psounis |
| IEEE Standard 802.3-2005, "IEEE Standard for Information technology – Telecommunications and Information Exchange between Systems – Local and Metropolitan Area Networks – Specific Requirements Part 3: Carrier Sense Multiple Access with Collision Detection (CSMA/CD) Access method and Physical Layer Specification" | December 2005 | IEEE 802.3-2005 |
| The War between Mice and Elephants | November 2001 | Guo |

### 7.    224 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 224 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| CN101052208 | Filed: April 6, 2006; Published: | Yong |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

|  | October 10, 2007 |  |
| --- | --- | --- |
| WO2007078042 | Filed: September 12, 2006; Published: July 12, 2007 | Lee |
| U.S. 7,013,141 | Filed: March 29, 2004; Issued: March 14, 2006 | Lindquist |
| U.S. 2008/0268849 | Filed: April 30, 2007; Published: October 30, 2008 | Narasimha |
| WO2008042906 | Filed: October 2, 2007; Published: April 10, 2008 | Kitazoe |
| WO2007089128 | Filed: February 5, 2007; Published: August 9, 2007 | Jeong |
| U.S. 2007/0099618 | Filed: October 31, 2006; Published: May 3, 2007 | Kim |
| U.S. 2002/0068566 | Filed: August 17, 2001; Published: June 6, 2002 | Ohlsson |
| U.S. 2005/0048974 | Filed: December 22, 2003; Published: March 3, 2005 | Kim |

| Publication | Date(s) | Short Name |
| --- | --- | --- |
| R3-072191 - Measurements for Handover Decision Use Case | November 2007 | R3-072191 |
| R2-062235 - LTE Handover Preparation | August 2006 | R2-062235 |
| R3-082099 - Multiple Handover Preparations | August 2008 | R3-082099 |
| R3-082684 – Discussion on X2 Handover Cancel | September 2008 | R3-082684 |
| R2-062289 – Proffer/Bid Based Handover Preparation | August 2006 | R2-062289 |
| R3-051203 – Forwarding Mechanism for Intra-Access System Handover | November 2005 | R3-051203 |
| R3-060028 – Forwarding Mechanism for Intra-Access System Handover | January 2006 | R3-060028 |
| R3-070213 – The Handover Preparation Procedure for S1AP | February 2007 | R3-070213 |
| R3-081158 – Specific Cause Value for X2 Handover Preparation Failure | May 2008 | R3-081158 |
| 3GPP Technical Specification 36.413 V8.3.0 | 2008 | 3GPP 36.413 |
| 3GPP Technical | 2008 | 3GPP 36.401 |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | | |
|---|---|---|
| Specification 36.401 V8.3.0 | | |
| 3GPP Technical Specifiation 36.300 V8.5.0 | June 2008 | 3GPP 36.300 |

## 8.    112 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 112 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 5,764,651 | Filed: May 17, 1996; Issued: June 9, 1998 | Bullock |
| U.S. 2003/0134656 | Filed: January 14, 2003; Published: July 17, 2003 | Chang |
| U.S. 2005/0222814 | PCT filed: March 11, 2003; Published: October 6, 2005 | Nicholls |
| U.S. 2002/0141332 | Provisional filed: December 11, 2000; Published: October 3, 2002 | Barnard |
| U.S. 2003/0161355 | Provisional filed: December 21, 2001; Published: August 28, 2003 | Falcomato |
| U.S. 6,775,799 | Filed: March 17, 2000; Issued: August 10, 2004 | Giorgetta |
| U.S. 6,775,237 | Filed: May 29, 2001; Issued: August 10, 2004 | Soltysiak |
| U.S. 5,627,837 | Filed: August 23, 1994; Issued: May 6, 1997 | Gillett |
| U.S. 2002/0138796 | Filed: March 23, 2001; Published: September 26, 2002 | Jacob |
| U.S. 2003/0120983 | Filed: December 26, 2001; Published: June 26, 2003 | Vieregge |
| U.S. 6,933,852 | Filed: March 11, 2002; Issued: August 23, 2005 | Kitajima |
| U.S. 6,583,903 | Filed: March 2, 2000; Issued: June 24, 2003 | Way903 |
| U.S. 7,269,347 | Filed: May 28, 2003; Issued: September 11, 2007 | Matricardi |
| U.S. 5,491,687 | Filed: September 28, 1994; Issued: February 13, 1996 | Christensen |
| U.S. 6,148,423 | Filed: June 7, 1995; | Le Mouel |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

|  | Issued: November 14, 2000 |  |
|---|---|---|
| U.S. 6,252,502 | Filed: September 23, 1999; Issued: June 26, 2001 | Kubo |
| U.S. 2004/0103350 | Filed: November 27, 2002; Published: May 27, 2004 | Pham |
| U.S. 2004/0218919 | Filed: April 30, 2003; Published: November 4, 2004 | Hunsche |
| U.S. 2002/0080445 | Provisional filed: July 21, 2000; Published: June 27, 2002 | Falkenstein |
| WO2001/065733 | Filed: February 28, 2001; Published: September 7, 2001 | Way |
| H10-117181A | Filed: October 11, 1996; Published: May 6, 1998 | Ohira |
| P2001-203673 | Filed: January 20, 2000; Published: July 27, 2001 | Ando |
| EP1175034A2 | Filed: July 2, 2001; Published: January 23, 2002 | McDermott |

| Publication | Date(s) | Short Name |
|---|---|---|
| ITU-T G.806 (10/2000) "Characteristics of transport equipment - Description methodology and generic functionality" | Dated: October 2000; Published: No later than September 12, 2001 | G.806 |
| ITU-T G.841 (10/98) "Types and characteristics of SDH network protection architectures" | Dated: October 1998; Published: No later than June 30, 1999 | G.841 |
| ITU-T G.783 (10/2000) "Characteristics of synchronous digital hierarchy (SDH) equipment functional blocks" | Dated: October 2000; Published: No later than December 7, 2001 | G.783 |
| ITU-T G.826 (12/2002) "End-to-end error performance parameters and objectives for international, constant bit-rate digital paths and connections" | Dated: December 2002; Published: No later than April 16, 2003 | G.826 |
| Link Failure Detection for Maintaining Session Continuity in Packet Data Networks | Published: July 1995 | Kumar |
| Common Equipment Management Function | No later than February 9, 2000 | D.61 |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | | |
|---|---|---|
| Requirements D.61(WP3/15) | | |
| Draft EN 301 167 V1.1.1 (1998-04) "Transmission and Multiplexing (TM); Management of Synchronous Digital Hierarchy (SDH) transmission equipment; Fault management and performance monitoring; Functional description | Published: 1998 | EN301167 |

### 9.    199 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 199 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 5,745,520 | Filed: March 15, 1996; Issued: April 28, 1998 | Love |
| U.S. 6,181,738 | Filed: February 13, 1998; Issued: January 30, 2001 | Chheda |
| U.S. 7,027,420 | Filed: July 24, 2001; Issued: April 11, 2006 | Hamalainen 420 |
| U.S. 6,763,244 | Filed: March 15, 2001; Issued: July 13, 2004 | Chen 244 |
| U.S. 6,650,904 | Filed: December 16, 1999: Issued: November 18, 2003 | Lin |
| U.S. 6,711,150 | Filed: April 7, 2000; Issued: March 23, 2004 | Vanghi |
| U.S. 6,463,295 | Filed: February 6, 1998; Issued: October 8, 2002 | Yun 295 |
| U.S. 2004/0009767 | Filed: April 4, 2003; Published: January 15, 2004 | Lee |
| U.S. 2004/0203475 | Filed: September 25, 2002; Published: October 14, 2004 | Gaal |
| U.S. 2006/0023650 | Filed: July 30, 2004; Published: February 2, 2006 | Dominique |
| U.S. 2004/0146023 | Filed: November 7, 2003; Published: July 29, 2004 | Pietraski |
| U.S. 2005/0243855 | Filed: April 30, 2004; Published: November 3, 2005 | Dominique |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| U.S. 2003/0103585 | Filed: November 19, 2002; Published: June 5, 2003 | Kim |
| U.S. 2003/0081572 | Filed: October 30, 2002; Published: May 1, 2003 | Youn-Sun Kim |
| U.S. 2005/0113106 | Filed: June 10, 2004; Published: May 26, 2005 | Duan |
| U.S. 2003/0021243 | Filed: July 24, 2001; Published: January 30, 2003 | Hamalainen |
| U.S. 2003/0206541 | Filed: May 1, 2003; Published: November 6, 2003 | Yun |
| U.S. 2004/0110473 | Filed: December 3, 2003; Published: June 10, 2004 | Rudolf |
| U.S. 2003/0156556 | Filed: February 21, 2002; Published: August 21, 2003 | Puig-Oses |
| U.S. 2002/0165004 | Filed: March 15, 2001; Published: November 7, 2002 | Chen |
| U.S. 2005/0180344 | Filed: July 30, 2004; Published: August 18, 2005 | Sternberg |
| U.S. 2003/0050084 | Filed: January 4, 2002; Published: March 13, 2003 | Damnjanovic |
| U.S. 2003/0161285 | Filed: February 25, 2002; Published August 28, 2003 | Tiedemann |
| FR2842048 | Filed: July 2, 2002; Published: January 9, 2004 | Jard |
| WO2002075955 | Filed: March 15, 2002; Published: December 17, 2003 | Tao Chen |
| EP1108294 | Filed: June, 28, 2000; Published: June 20, 2001 | Hwang |
| EP0685129 | Filed: February 1, 1994; Published: December 6, 1995 | Padovani |
| EP1476973 | Filed: February 19, 2003; Published: November 17, 2004 | Gaal |
| EP1665574 | Filed: July 29, 2004; Published: June 7, 2006 | Koo |
| EP1062742 | Filed: March 5, 1999; Published: December 27, 2000 | Jacobson |
| EP1256190 | Filed: February 13, 2001; Published: November 11, 2002 | Tao Chen-190 |
| WO2004059872 | Filed: September 19, 2003; Published: July 15, 2004 | Yazhu Ke |
| WO2004051872 | Filed: December 2, 2003; Published: June 17, 2004 | Dick 872 |
| WO2004032374 | Filed: October 1, 2002; Published: April 15, 2004 | Miyamoto |
| WO2001017158 | Filed: August 31, 2000; Published: | Chen 158 |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

|  | March 8, 2001 |  |
|---|---|---|
| WO2004036809 | Filed: October 16, 2003; Published: April 29, 2004 | Dick 809 |
| WO2004114549 | Filed: June 10, 2004; Published: December 29, 2004 | Zhou |
| KR20000031563 | Filed: November 7, 1998; Published: June 5, 2000 | Won Lee |
| KR20030080165 | Filed: April 6, 2002; Published: October 11, 2003 | Yeong Lee |

| Publication | Date(s) | Short Name |
|---|---|---|
| 3GPP C.S0001-D - Introduction to CDMA2000 Spread Spectrum Systems | February 2004 | Introduction to CDMA2000 |
| Medium Access Control (MAC) Standard for cdma2000 Spread Spectrum Systems, Release D, v.1.0 | February 2004 | CDMA2000 Specification |

### 10.    446 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 446 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 2006/0198635 | Filed: March 4, 2005; Published: September 7, 2006 | Emery |
| U.S. 2006/0093356 | Filed: July 21, 2005; Published: May 4, 2006 | Vereen |
| U.S. 2008/0138062 | Provisional filed: December 8, 2006; Published: June 12, 2008 | Tyrrell |
| U.S. 2010/0067901 | Filed: February 26, 2009; Published: March 18, 2010 | Mizutani |
| U.S. 2008/0138064 | Filed: December 12, 2006; Published: June 12, 2008 | O'Byrne |
| U.S. 2009/0060496 | Filed: August 31, 2007; Published: March 5, 2009 | Liu |
| U.S. 2010/0074614 | Filed: September 19, 2008; Published: March 25, 2010 | DeLew |
| U.S. 2008/0056719 | Filed: September 1, 2006; | Bernard |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | Published: March 6, 2008 | |
|---|---|---|
| U.S. 2007/0147836 | Filed: December 12, 2006; Published: June 28, 2007 | Dong |
| U.S. 2007/0274719 | Filed: January 3, 2007; Published: November 29, 2007 | Ferguson |
| U.S. 2008/0212964 | PCT filed: September 22, 2006; Published: September 4, 2008 | Gao |
| U.S. 2009/0016713 | Filed: July 13, 2007; Published: January 15, 2009 | Liu713 |
| WO 2007/123692 | Filed: March 30, 2007; Published: November 1, 2007 | DeLew692 |
| P2007-318524 | Filed: May 26, 2006; Published: December 6, 2007 | Miyoshi |
| P2007-194983 | Filed: January 20, 2006; Published: August 2, 2007 | Eguchi |

| Publication | Date(s) | Short Name |
|---|---|---|
| Report of Rapporteur's Meeting (Piscatawy, NJ, USA, 25 May 2006)_TD 135 (WP 1/15) | Published: September 18, 2006 | TD135 |
| Living List for Recommendation G.984.3 Amendment 3_TD 146 (WP 1/15) | Published: October 16, 2006 | TD146 |
| Draft revised G.984.3 (for consent)_TD 507 R2 (PLEN/15) | Published: February 3, 2008 | TD507 |
| SmartAX MA5603T Multi-service Access Module V800R007C00  Feature Description Issue 01 | No later than December 01, 2009 | MA5603T Feature Description |

## 11.    727 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 727 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 6,775,799 | Filed: March 17, 2000; Issued: | Giorgetta |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

|  | August 10, 2004 |  |
|---|---|---|
| U.S. 5,699,348 | Filed: October 31, 1995; Published: December 16, 1997 | Baidon |
| U.S. 6,891,828 | Filed: June 30, 2000; Issued: May 10, 2005 | Mahesh |
| U.S. 6,795,451 | Filed: March 17, 2000; Issued: September 21, 2004 | Giorgetta-451 |
| U.S. 6,983,414 | Filed: March 30, 2001; Issued: January 3, 2006 | Duschatko |
| U.S. 7,197,052 | Filed: April 22, 2002; Issued: March 27, 2007 | Crocker |
| U.S. 2002/0108081 | Filed: December 20, 2000; Published: August 8, 2002 | Mitlin |
| U.S. 2001/0055319 | Filed: February 9, 2001; Published: December 27, 2001 | Quigley |
| U.S. 2001/0053225 | Filed: January 29, 2001; Published: December 20, 2001 | Ohira |
| CA2301383 | Filed: March 20, 2000; Published: October 13, 2000 | Weis |

| Publication | Date(s) | Short Name |
|---|---|---|
| ITU-T SG 13 – New Recommendation on OTN Transmission Performance | February 2001 | ITU-T SG 13 |
| TR-005 – ADSL Network Element Management | March 1998 | TR-005 |
| G.826 – Error Performance Parameters and Objectives for International, Constant Bit Rate Digital Paths At Or Above the Primary Rate | February 1999 | G.826 Error Performance Parameters |
| G.828 – Error Performance Parameters and Objectives for International, Constant Bit Rate Synchronous Digital Paths | March 2000 | G.828 Error Performance Parameters |
| Definitions of Managed Objects for the ADSL Lines | August 1999 | Definitions of Managed Objects |
| Transmission of Framed ATM Cell Streams over Satellite: A Field Experiment | June 1995 | Transmission of Framed ATM Cell Streams |
| A Review of Error Performance Models for Satellite ATM Networks | July 1999 | Review of Error Performance Models |
| Uses of In-Service | November 1989 | Uses of In-Service |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| Monitoring Information to Estimate Customer Service Quality | | Monitoring |
| DVB Interfaces to Plesiochronous Digital Hierarchy (PDH) Networks | Decemebr 1997 | DVP Interfaces |
| DVB-T Single Chip Demodulator Application Note | November 1998 | DVB-T |
| Working Document 11-99-10 (16) | October 1999 | Working Document 11-99-10 |

## 12.    480 Patent

Huawei contends that the following prior art patents and publications anticipate and/or render obvious one or more Asserted Claims of the 480 Patent under 35 U.S.C. §§ 102(a), 102(b), and/or 102(e) (all pre-AIA), and/or 35 U.S.C. § 103.

| Patent Number | Date of Publication / Application / Issue | Short Name |
|---|---|---|
| U.S. 2008/0002688 | Filed: April 25, 2007; Published: January 3, 2008 | Kim |
| U.S. 2007/0177630 | Provisional filed: November 30, 2005; Published: August 2, 2007 | Ranta |
| U.S. 2006/0256757 | Provisional filed: April 26, 2005; Published: November 16, 2006 | Kuusela |
| U.S. 2007/0291797 | Filed: June 19, 2006; Published: December 20, 2007 | Rao |
| U.S. 2009/0022098 | PCT filed: October 23, 2006; Published: January 22, 2009 | Novak |
| U.S. 2010/0157916 | Provisional filed: October 2, 2006; Published: June 24, 2010 | Kim916 |

| Publication | Date(s) | Short Name |
|---|---|---|
| TS36.321, V1.0.0 (2007-09) | Published: September 2007 | TS36.321 |
| TS36.300, V8.1.0 (2007-06) | Dated: June 2007; Published: July 2007 | TS36.300 |
| TS36.213, V8.0.0 (2007-09) | Published: September 2007 | TS36.213 |
| R2-061900 | Published: June 22, 2006 | CATT900 |
| R2-072401 | Published: June 22, 2007 | Nokia401 |
| R2-070020 | Published: January 12, 2007 | Nokia020 |
| R2-072741 | Published: June 22, 2007 | LG741 |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| R2-074183 | Published: October 2, 2007 | Nokia183 |
| R2-070115 | Published: January 12, 2007 | CATT115 |
| R2-070476 | Published: February 9, 2007 | Nokia476 |
| R2-073912 | Published: October 2, 2007 | Nokia912 |
| R2-073388 | Published: August 14, 2007 | Samsung388 |
| R1-060591 | Published: February 7, 2006 | Nokia591 |
| R2-074358 | Published: October 2, 2007 | Philips358 |
| R1-074256 | Published: October 3, 2007 | Philips256 |
| Principle and Performance of Semi-persistent Scheduling for VoIP in LTE System | Published: September 2007 | Jiang |
| HSDPA/HSUPA for UMTS high speed radio access for mobile communications | Published: May 2006 | Holma |

To the extent that any of the patents or publications above describe systems, apparatuses, or methods that were implemented, built, used, or reduced to tangible form, Huawei reserves the right to rely upon such systems, apparatuses, or methods as independent basis for prior art. Citations to disclosures within these prior art systems should be construed to also comprise citations to the corresponding functionality in the relevant system, apparatus, or method.

On information and belief, each document or item listed above is prior art at least as early as the dates set forth therein. Exhibits A-L include exemplary claim charts of certain prior art references providing exemplary citations identifying where each limitation of each Asserted Claim is found in the prior art.

To the extent any limitation of any of the Asserted Claims is construed to have a similar meaning, or to encompass similar feature(s) and/or function(s) with any other claim limitation of any of the Asserted Claims, as apparently contended by Plaintiff in its Infringement Contentions, or if later determined by the Court, and to the extent at least one chart in Exhibits A-L identifies any prior art reference, or a portion thereof, as disclosing or teaching such similarly construed claim limitation, such identified prior art reference, or the portion thereof, are incorporated by

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

reference, and are part of Defendant's Invalidity Contentions with respect to each of the Asserted Claims that includes such similarly construed claim limitation.

To the extent that they constitute prior art, Defendant reserves the right to rely upon foreign counterparts of the U.S. patents and patent applications identified in Defendant's Invalidity Contentions; U.S. counterparts of foreign patents and patent applications identified in Defendant's Invalidity Contentions; U.S. and foreign patents and patent applications corresponding to articles and publications identified in Defendant's Invalidity Contentions; and any systems, products, techniques, or prior inventions that relate to any references identified in Defendant's Invalidity Contentions.

The charts in Exhibits A-L provide exemplary sections within the prior art references that teach or suggest each and every element of the asserted claims. The references cited in the attached charts either alone or in combination render the Asserted Claims anticipated and/or obvious.

With regard to obviousness, the Supreme Court, in *KSR International Co. v. Teleflex Inc., et al*., 127 S. Ct. 1727, 1739 (2007) ("*KSR*"), held that a claimed invention can be obvious even if there is no explicit teaching, suggestion, or motivation for combining the prior art to produce that invention. Under *KSR*, patents that are based on new combinations of elements or components already known in a technical field may be found to be obvious. Specifically, the Court in *KSR* rejected a rigid application of the "teaching, suggestion, or motivation [to combine]" test. *Id*. at 1741. "In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. What matters is the objective reach of the claim." *Id*. at 1741-42. "Under the correct analysis, any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id*. at 1742. In particular, the Supreme

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Court emphasized the principle that "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id*. at 1739. A key inquiry is whether the "improvement is more than the predictable use of prior art elements according to their established functions." *Id.* at 1740.

The rationale to combine or modify prior art references is significantly stronger when the references seek to solve the same problem, come from the same field, and correspond well to each other. *In re Inland Steel Co.*, 265 F.3d 1354, 1362 (Fed. Cir. 2001). The Federal Circuit has held that two references may be combined as invalidating art under similar circumstances, namely "[the prior art] focus[es] on the same problem that the . . . patent addresses. Moreover, both [prior art references] come from the same field. Finally, the solutions to the identified problems found in the two references correspond well." *Id.* at 1364.

In view of the Supreme Court's *KSR* decision, the PTO issued a set of Examination Guidelines to its corps of Patent Examiners. *See* Examination Guidelines for Determining Obviousness Under 35 U.S.C. § 103 in view of the Supreme Court Decision in *KSR International Co. v. Teleflex, Inc.*, 72 Fed. Reg. 57526 (October 10, 2007). Those Guidelines summarized the *KSR* decision, and identified various rationales for finding a claim obvious, including those based on other precedents. Those rationales include:

> (A) Combining prior art elements according to known methods to yield predictable results;
>
> (B) Simple substitution of one known element for another to obtain predictable results;
>
> (C) Use of known technique to improve similar devices (methods, or products) in the same way;
>
> (D) Applying a known technique to a known device (method, or product) ready for improvement to yield predictable results;
>
> (E) "Obvious to try" – choosing from a finite number of identified,

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

predictable solutions, with a reasonable expectation of success;

(F)   Known work in one field of endeavor may prompt variations of it for use in either the same field or a different one based on design incentives or other market forces if the variations would have been predictable to one of ordinary skill in the art;

(G)   Some teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill to modify the prior art reference or to combine prior art reference teachings to arrive at the claimed invention.

*Id.* at 57529.

The alleged inventions of the Asserted Patents are obvious for one or more of the rationales under *KSR* and set forth above.  A POSITA at the time of the alleged inventions of the Asserted Patents had reason to combine or modify one or more of the references listed and charted in Exhibits A-L, or identified in the tables above, in light of the knowledge of a POSITA at the time of the alleged inventions and information in the prior art cited herein.  The references identified in Exhibits A-L and in the tables above are all in the same field as the Asserted Patents.  A POSITA would have been motivated to combine any of the references cited in Exhibits A-L and would have further recognized that combinations of these references would have improved similar systems and methods in the same way.  Additionally, a POSITA would recognize that the result of combining two or more of these references would have yielded nothing more than the predictable use of prior art elements according to their established functions.  Further, a clear motivation existed in the art at the time of the alleged inventions to combine the references identified in Exhibits A-L to address any problems that the Asserted Patents sought to solve.

In addition to the references identified in Exhibits A-L and in the tables above, Huawei provides the following exemplary obviousness combinations.  These exemplary obviousness combinations are not to be construed to suggest that any reference or activity in the combinations is not anticipatory on its own.  These combinations are offered in the alternative and are should

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

only be construed as exemplary in nature as any prior art reference in the "Primary Prior Art"

column may be combined with any other reference in that column or any reference in the

"Combination Prior Art" column.

### 1.     627 Patent

| Exemplary Combinations | |
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Kasdan | Bhandari. Suurballe, Jain-072, Voelker, Rajagopalan, Chaudhuri, Gan or Hjalmtysson |
| Gan | Bhandari. Suurballe, Jain-072, Voelker, Rajagopalan, Chaudhuri, Kasdan or Hjalmtysson |
| Ramamurthy | Bhandari. Suurballe, Jain-072, Voelker, Rajagopalan, Chaudhuri, Callon, or Hjalmtysson |
| Doverspike 671 | Bhandari. Suurballe, Jain-072, Voelker, Rajagopalan, Chaudhuri, Callon, or Hjalmtysson |
| Allen | Bhandari. Suurballe, Jain-072, Voelker, Rajagopalan, Chaudhuri, or Hjalmtysson |

### 2.     713 Patent

| Exemplary Combinations | |
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Olson | Catalyst, Gai241, or Yamaya |
| Yamaya | Catalyst, Gai241, or Olson |
| Catalyst | Haviland, Gai241, Olson, or Yamaya |
| Haviland | Gai241, Catalyst, Olson, or Yamaya |
| Kodialam | Gai241, Catalyst, Olson, or Yamaya |
| Brackett | Dennis or Witkowski |

### 3.     755 Patent

| Exemplary Combinations | |
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Sylvain | Doverspike 417, Shabtay 027, Shabtay 991, Lang, Jain-072, Owens, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink, or Lang II |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| Doverspike 417 | Sylvain , Shabtay 027, Shabtay 991, Lang, Jain-072, Owens, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink, or Lang II |
| Shabtay 027 | Doverspike 417, Sylvain, Shabtay 991, Lang, Jain-072, Owens, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink, or Lang II |
| Lang | Sylvain , Shabtay 027, Shabtay 991, Doverspike 417, Jain-072, Owens, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink, or Lang II |
| Shabtay 991 | Doverspike 417, Shabtay 027, Sylvain, Lang, Jain-072, Owens, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink, or Lang II |
| Owens | Sylvain , Shabtay 027, Shabtay 991, Lang, Jain-072, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink, or Lang II |
| Lang II | Sylvain , Shabtay 027, Shabtay 991, Lang, Jain 072, Owens, Marzo, Pointurier, Weil, Fant, Cedell, Charny, Hassink |

### 4.    546 Patent

| Exemplary Combinations ||
| Primary Prior art | Combination Prior Art |
| --- | --- |
| Kekic | Jain-834, Moghe, Niemi, Lin, Hansen, Barnard, Case, Wu, Reisacher, or Kastenholz |
| Kracht | Jain-834, Moghe, Niemi, Lin, Hansen, Barnard, Case, Wu, Reisacher, or Kastenholz |
| Ekstrom | Jain-834, Moghe, Niemi, Lin, Hansen, Barnard, Case, Wu, Reisacher, or Kastenholz |
| Wu | Jain-834, Moghe, Niemi, Lin, Hansen, Barnard, Case, Reisacher, or Kastenholz |

### 5.    512 Patent

| Exemplary Combinations ||
| Primary Prior art | Combination Prior Art |
| --- | --- |
| Halonen | Satt, Ramos, or Partain |
| Satt | Halonen, Ramos, or Partain |

### 6.    973 Patent

| Exemplary Combinations ||
| Primary Prior art | Combination Prior Art |
| --- | --- |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | |
|---|---|
| Hill | Lyon, Manning, Siva, Sterne, or IEEE 802.3-2005 |
| Venables | Siva, Manning, Lyon, Sterne, or IEEE 802.3-2005 |
| Lyon | Sterne, Hill, Manning, Siva, or IEEE 802.3-2005 |
| Manning | Sterne, Hill, Lyon, Siva, or IEEE 802.3-2005 |
| Feuerstraeter | Psounis or IEEE 802.3-2005 |

### 7. 224 Patent

| Exemplary Combinations ||
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Ohlsson | Yong, Kim, TS 36.300, R3-072191, R3-082099, Narasima, or Kitazoe |
| Jeong | Yong, Kim, TS 36.300, R3-072191, R3-082099, Narasima, or Kitazoe |

### 8. 112 Patent

| Exemplary Combinations ||
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Bullock | Nicholls, Chang, Ohira, Vieregge, G.806, G.841, or G783 |
| Ohira | Nicholls, Chang, Jacob , Gillett, G.806, G.841, or G783 |
| Gillett | Jacob, Bullock, Vieregge, Ohira, Nicholls, Chang, G.806, G.841, or G783 |
| Way | Ohira, Bullock, Gillett, Nicholls, Chang, Kitajima, Jacob, G.806, G.841, or G783 |
| Vieregge | Ohira, Kitajima, Bullock, Nicholls, Chang, G.806, G.841, or G783 |
| Barnard | Falcomato, Giorgetta, Soltysiak, G.806, G.841, or G783 |

### 9. 199 Patent

| Exemplary Combinations ||
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Chen | CDMA2000 Specification, Puig-Oses, Dick 872, Tao Chen, Youn-Sun Kim, Lee, Tao Chen-190, Rudolf, Hamalainen, Duan, or Zhou |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | |
|---|---|
| Rudolf | CDMA2000 Specification, Puig-Oses, Dick 872, Tao Chen, Youn-Sun Kim, Lee, Tao Chen-190, Chen, Hamalainen, Duan, or Zhou |
| Hamalainen | CDMA2000 Specification, Puig-Oses, Dick 872, Tao Chen, Youn-Sun Kim, Lee, Tao Chen-190, Chen, Rudolf, Duan, or Zhou |

### 10.    446 Patent

| Exemplary Combinations | |
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| O'Byrne | Bernard, Tyrrell, Vereen, Miyoshi, or Mizutani |
| Emery | Bernard, Tyrrell, Vereen, Miyoshi, O'Byrne, Liu, or Mizutani |
| Miyoshi | Liu, Bernard, Tyrrell, Vereen, O'Byrne, Emery, Mizutani, or DeLew |
| Mizutani | Bernard, Tyrrell, DeLew, Vereen, O'Byrne, Emery, or Miyoshi |

### 11.    727 Patent

| Exemplary Combinations | |
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| Giorgetta | ITU-T SG 13, Quigley, TR-005, G.826, G.828, or DVP Interfaces |
| Quigley | ITU-T SG 13, TR-005, G.826, G.828, or DVP Interfaces |
| Ohira | ITU-T SG 13, Quigley, TR-005, G.826, G.828, or DVP Interfaces |
| ITU-T SG 13 | DVB-T, Quigley, TR-005, G.826, G.828, or DVP Interfaces |
| DVB-T | ITU-T SG 13, TR-005, G.826, G.828, or DVP Interfaces |

### 12.    480 Patent

| Exemplary Combinations | |
|---|---|
| **Primary Prior art** | **Combination Prior Art** |
| CATT183 | Nokia476, Ranta, CATT115, or TS36.300 |
| CATT115 | Kuusela, Nokia476, Ranta, or TS36.300 |
| Kuusela | Holma, Nokia401, CATT900,  CATT183, or Nokia476 |
| CATT900 | Nokia401, TS36.300, TS36.321, Kuusela, or CATT183 |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| | |
|---|---|
| Kim916 | Kuusela, Nokia476, LG741, or TS36.300 |
| Nokia591 | Nokia476, Ranta, CATT115, TS36.300, or CATT900 |

A POSITA at the time of the alleged inventions of the Asserted Patents had reason to combine or modify one or more of the references listed in the tables above, in light of the knowledge of a POSITA at the time of the alleged inventions and information in the prior art cited herein.  The references identified in the tables above are all in the same field as the Asserted Patents.  A POSITA would have been motivated to combine any of the references cited in the tables above and would have further recognized that combinations of these references would have improved similar systems and methods in the same way.  Additionally, a POSITA would recognize that the result of combining two or more of these references would have yielded nothing more than the predictable use of prior art elements according to their established functions.  Further, a clear motivation existed in the art at the time of the alleged inventions to combine the references identified in the tables above to address any problems that the Asserted Patents sought to solve.

In addition to being disclosed in prior art patents and printed publications, systems disclosing the inventions as claimed or as asserted by Plaintiff were known to POSITAs.  Below is a list of prior art systems of which Defendants are currently aware that disclose the inventions as claimed or as asserted by Plaintiff.  Defendants intend to seek discovery on the specifics of the below system art and other system art that may be discovered.  Defendants reserve the right to supplement these Invalidity Contentions on the discovery of relevant information relating to the system art.

- SunNet Manager, Sunsoft (1995)

- OpenView, Hewlett Packard (1999)

- Spectrum, Cabletron Systems (1998)

37

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- WhatsUp Gold, Ipswitch, Inc. (2000)

- Products and devices that utilized Ethernet Flow Control defined in 802.3x

- TiMetra FlexPath, TiMetra (no later than 2003)

- Cyclone Series, Applied Micro Circuits (no later than 2000)

- Catalyst Series, Cisco System (no later than 1998)

- OptiX 155/622, Huawei (no later than 2001)

- Products and devices that utilized protection switching defined in ITU-T G series

- Products and devices that utilized flow control defined in IEEE 802.3

- Products and devices that utilized Pseudowire emulation edge to edge (PWE3) configuration defined in ITU-T Recommendations and/or IETF RFCs

- SmartAX MA5600T series, including but not limited to MA5603T, Huawei (no later than 2009)

Thus, all of the limitations of the Asserted Claims of the Asserted Patents were known in the art, and any differences between the subject matter of the Asserted Claims of the Asserted Patents and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged inventions were made to a POSITA.  Further, a POSITA would have been motivated to combine elements of any of these and similar references, such as those identified in the exhibits herein, and recognize that the combination of any of these references is a predictable use of elements known in the art to solve a known problem and a use of known techniques to solve a known problem in the same way.

**B.      Contentions Under 35 U.S.C. § 112 (pre-AIA)**

**1.      The 627 Patent**

Defendants contend that the Asserted Claims of the 627 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) for lacking a written description and/or enabling disclosure commensurate

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

with the alleged scope of the claims, and as being unduly vague and indefinite.  The 627 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 627 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 627 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 627 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 627 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 627 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "performing a SRG (shared risk group) topology transformation of the network topology into a virtual topology which discourages the use of network resources in any shared risk group determined in step b)" (claim 1)

- "virtual topology" (claim 1)

- for at least one shared risk group, determining if any of the at least one shared risk group includes any of the first sequence of network resources(claim 1)

- "node requiring SRG transformation" (claim 4)

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- "transforming the node requiring transformation into two interconnected nodes" (claim 4)

- "transforming any bi-directional link into the node requiring transformation" (claim 4)

- "performing a ND (node-disjointness) transformation of every node in the first path other than the Source node and the destination node." (claim 6)

- "the ND transformation of a node which has not been SRG transformed" (claim 7)

- "transforming the node into a respective interconnected pair of nodes, and providing for each such pair of nodes a respective forward unidirectional link and a respective reverse unidirectional link between the pair of nodes" (claim 7)

- "revising the at least one shared risk group to be less restrictive" (claim 22)

- "A processing platform-readable medium having code means stored thereon for instructing a processing platform to select multiple paths through a network represented by a network topology representing an interconnected set of network resources" (claim 29)

- "first code means for identifying a first path through the network topology from a source node to a destination node" (claim 29)

- "second code means adapted to, for at least one shared risk group, determine if any of the at least one shared risk group includes any of the first sequence of network resources" (claim 29)

- "third code means for performing a SRG (shared risk group) topology transformation of the network topology into a virtual topology which discourages the use of network resources in any shared risk group determined by the second code means" (claim 29)

- "fourth code means adapted to identify a second path through the virtual topology from the source node to the destination node" (claim 29)

- "means for maintaining or obtaining network topology information" (claim 30)

- "means for identifying a first path through the network topology from a source node to a destination node" (claim 30)

- "means adapted to, for at least one shared risk group, determine if any of the at least one shared risk group includes any of the first sequence of network resources" (claim 30)

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- "means for performing a SRG (shared risk group) topology transformation of the network topology into a virtual topology which discourages the use of network resources in any shared risk group determined by the second code means" (claim 30)

- "means adapted to identify a second path through the virtual topology from the source node to the destination node" (claim 30)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

2.    **The 713 Patent**

Defendants contend that the Asserted Claims of the 713 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) for lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The 713 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 713 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 713 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 713 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 713 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 713 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "the switch fabric is configured to switch data having a destination address associated with a logical port associated with the second fabric access device to a link associated with the first fabric access device" (claim 5)

- "the switch fabric is further configured to include with the data a port address associated with the second fabric access device and the first fabric access device is configured to recognize from the port address that the data is associated with the second fabric access device and send the data to the second fabric access device via the second system interface" (claim 6)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

### 3.      The 755 Patent

Defendants contend that the Asserted Claims of the 755 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) for lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The 713 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 755 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 755 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 755 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 755 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 755 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "re-route traffic traveling along a bi-directional LSP in a forward direction to an alternate path in the forward direction" (claims 1, 13)

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- "an originating network device" (claim 1)

- "switch over message" (claims 1, 5)

- "alternate path in the forward direction" (claim 1)

- "re-routing traffic traveling along the bi-directional LSP in a backward direction to the alternate path in the backward direction" (claim 1)

- "re-route traffic traveling along the bi-directional LSP in the backwards direction to the alternate path in the backwards direction based on the switch over message." (claims 5, 8)

- "means for receiving the switch over message" (claim 8)

- "means for re-routing traffic traveling along the bi-directional LSP in the backwards direction to the alternate path in the backwards direction based on the switch over message" (claim 8)

- "re-routing traffic traveling along a bi-directional LSP in a forward direction to an alternate path in the forward direction" (claim 13)

- "transmitting a Switch over message along the alternate path in the forward direction to a merging network device responsible for re-routing traffic traveling along the bi-directional LSP in a backward direction to the alternate path in the backward direction" (claim 13)

- "receiving the Switch over message; and re-routing traffic traveling along the bi-directional LSP in the backwards direction to the alternate path in the backwards direction based on the Switch over message" (claim 16)

- "receive traffic traveling along a bi-directional LSP in a forward direction to an alternate path in the forward direction" (claim 18)

- "receiving a Switch over message along the alternative path in the forward direction; and re-routing traffic traveling along a bi-directional LSP in a backwards direction to an alternate path in  the backwards direction based on the switch over message" (claim 18)

- "means for re-routing traffic traveling along a bi-directional LSP in a forward direction to an alternate path in the forward direction" (claim 20)
- "means for transmitting a Switch over message along the alternate path in the

44

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

forward direction to a merging network device responsible for re-routing traffic traveling along the bi-directional LSP in a backward direction  to  the alternate path in the backward direction" (claim 20)

- "means for receiving traffic traveling along a bi-directional LSP in a forward direction to an alternate path in the forward direction; receiving a switch over message along the alternative path in the forward direction" (claim 23)

- "means for re-routing traffic traveling along a bi-directional LSP in a forward direction to an alternate path in the forward direction" (claims 23, 25)

- "means for transmitting a switch over message, along the alternate path in the forward direction, for re-routing traffic traveling along the bi-directional LSP in a backward direction" (claims 23, 25)

- "means for re-routing traffic traveling along the bi-directional LSP in a backwards direction to the same alternate path in the backwards direction based on the switch over message" (claims 23, 25)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

## 4.    The 546 Patent

Defendants contend that the Asserted Claims of the 546 Patent may be invalid under 35 U.S.C.  § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The 546 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention. *See Nautilus,*

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

*Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 546 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 546 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 546 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 546 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 546 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "automatic discovery of network devices" (claim 1)

- "receiving a first appropriate response from a first device associated with said first network address" (claim 1)

- "determining if said first device provides routing capabilities" (claim 1)

- "making said first device available for selection for management by a network management system" (claim 1)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations

46

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

### 5.    The 512 Patent

Defendants contend that the Asserted Claims of the 512 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The 512 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 512 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 512 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 512 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 512 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 512 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "receiving transport capacity information on a transport network, the transport network used to connect base stations of a radio network to a core network, comprising a transport capacity limit for the radio cell based on the transport capacity information" (claim 1)

- "a transport capacity limit (for a/the radio cell)" (claims 1, 11, 22, 23, 24, and 27)

- "a transport load of the transport network, the transport load of a connection from one base station of the radio network to another base station of the radio network" (claim 3 and 13)

- "the transport capacity limit of a radio cell" (claims 6 and 7)

- "wherein the adjusted radio capacity information on the radio cell is used when handling base station admission requests" (claims 9 and 16)

- "the radio cell" (claims 11 and 27)

- "the radio resources" (claims 11 and 22)

- "the transport network resources" (claims 11 and 24)

- "the available radio capacity of the radio cell" (claim 18)

- "the transport resource management unit is configured to determine a transport capacity limit for a radio cell based on the transport capacity information and to signal the transport capacity limit to the at least one base station to adjust the radio capacity information based on the transport capacity limit and to signal the adjusted radio capacity information to the radio resource management unit to manage radio resources of the radio network by using the signalled adjusted radio capacity information" (claim 22)

- "the radio network" (claim 22)

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- "the transport capacity information" (claim 23)

- "adjust the radio capacity information on the radio cell based on a transport capacity limit determined based on the transport capacity information and signalled from the transport resource management unit . . . wherein the apparatus is a base station comprising the transport resource management unit" (claims 24 and 26)

- "signal the adjusted radio capacity information on the radio cell to the radio resource management unit for managing the radio resources by using the adjusted radio capacity information . . . wherein the apparatus is a base station comprising the radio resource management unit" (claims 24 and 25)

- "signal the adjusted radio capacity information on the radio cell to the radio resource management unit for managing the radio resources by using the adjusted radio capacity information" (claim 24)

- "An apparatus, comprising: a radio resource management unit . . . a transport resource management unit . . . wherein the transport resource management unit is configured to signal the transport capacity limit of the radio cell to the apparatus . . . wherein the apparatus is configured to signal the adjusted radio capacity information on the radio cell to the radio resource management unit to be used in managing radio resources" (claim 27);

- "the transport network" (claim 27)

- "receiving transport capacity information on a transport network, …, comprising a transport capacity limit for the radio cell based on the transport capacity information" (claim 1)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

### 6.      The 973 Patent

Defendants contend that the Asserted Claims of the 973 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The 973 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 973 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 973 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 973 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 973 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 973 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "A method for incorporating a queuing device as a lossless processing stage in a network device in a communications network between an upstream device and a

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

downstream device in the network device, comprising: . . . the queuing device acts as a discard point by discarding packets when the queue is full . . . sending a message to the upstream device to reduce a rate at which packets are sent to the queuing device to prevent the queue from filling, thereby preventing packet discarding and loss by the queuing device" (claim 1)

- "sending the message from the upstream device to an upstream network device to thereby control a rate at which the upstream device receives packets from the upstream network device" (claim 1)

- "A system for incorporating a queuing device as a lossless processing stage in a network device in a communications network between an upstream device and a downstream device in the network device, the system comprising: . . . the queuing device acts as a discard point by discarding packets when the queue is full . . . sending a message to the upstream device to reduce a rate at which packets are sent to the queuing device to prevent the queue from filling, thereby preventing packet discarding and loss by the queuing device" (claim 9)

- "a module for monitoring a depth of a queue in the queuing device, wherein the queue receives packets from the upstream device within the network device and the queuing device acts as a discard point by discarding packets when the queue is full, wherein the upstream device is a traffic manager" (claim 9)

- "a module for, if the depth of the queue passes a predetermined threshold, sending a message to the upstream device to reduce a rate at which packets are sent to the queuing device to prevent the queue from filling, thereby preventing packet discarding and loss by the queuing device" (claim 9)

- "a module for sending a message reporting the depth of the queue to the upstream device to thereby enable the upstream device to determine whether to reduce or increase the rate at which the upstream device sends packets to the queuing device" (claim 9)

- "a module for sending the message from the e stream device to an upstream network device to thereby control a rate at which the upstream device receives packets from the upstream network device" (claim 9)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions. By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

### 7.    The 224 Patent

Defendants contend that the Asserted Claims of the 224 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite. The 224 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). The 224 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation. The 224 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions. The 224 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 224 Patent. Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty. Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 224 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "first measurement report containing an evaluation of signal quality from at least one candidate base station of said plurality of base stations for a handover" (claim 1)

- "initiating a first handover preparation by transmitting a first request to said first candidate base station" (claim 1)

- "determining if said first handover preparation has failed" (claim 1)

- "selecting a set of candidate base stations including at least some of said candidate base stations identified in said first measurement report" (claim 1)

- "initiating a second handover preparation" (claim 1)

- "said first and second request are indicative of a set of radio bearers used by said user equipment" (claim 1)

- "said second measurement report containing a second evaluation of signal quality of at least one of said set of candidate base stations" (claim 1)

- "statistics data collected from previous handover preparations related to said base station" (claim 4)

- "sending a third handover preparation to at least an alternative candidate base station from said third measurement report" (claim 6)

- "wherein said target base station is selected from said subset of candidate base stations which has accepted supporting said set of radio bearers being used by said user equipment" (claim 7)

- "wherein said target base station is selected from said subset of candidate base stations which have accepted supporting a maximum number of radio bearers from said set of radio bearers being used by said user equipment" (claim 10)

- "selecting said target base station from statistics collected from previous handover preparations" (claim 13)

To the extent Defendants provide claim charts for prior art references that disclose the

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions. By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure consistent with the alleged scope of the claims and may be indefinite, and therefore invalid.

### 8. The 112 Patent

Defendants contend that the Asserted Claims of the 112 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite. The 112 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). The 112 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation. The 112 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions. The 112 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 112 Patent. Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty. Accordingly, the Asserted Claims

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 112 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "(c) analyzing said BER values using a BER hysteresis algorithm to check for an indication of BER degradation. . ." (claims 1 and 11)

- "in response to a determination that each of said recent ones of said collected BER values exceeds the predetermined BER threshold level, determining whether said collected BER values worsen over time" (claims 1 and 11)

- "(d) switching a transmission port in response to said indication of BER degradation" (claims 1 and 11)

- "An optical switch comprising a processor in a memory" (claim 11)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure with the alleged scope of the claims and may be indefinite, and therefore invalid.

9.     The 199 Patent

Defendants contend that the Asserted Claims of the 199 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

199 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 199 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 199 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 199 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 199 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 199 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "generating quality metrics from a decoding process for a received channel quality indicator (CQI)" (claim 1)

- "the long-term soft decision quality metrics are generated by filtering frame based quality metrics over a plurality of frames" (claim 1)

- "determining whether to dynamically adjust a CQI channel configuration based on the comparison" (claim 1)

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- "generating the short-term quality metrics by accumulating a plurality of quality information from the decoding process over a CQI frame" (claim 5)

- "means for generating soft decision quality metrics from a decoding process for a received channel quality indicator (CQI)" (claim 9)

- "means for comparing at least one of quality metrics to a quality setting" (claim 9)

- "means for determining whether to dynamically adjust a CQI channel configuration based on the comparison" (claim 9)

- "the means for comparing compares one of the short-term quality metrics to the threshold quality setting" (claim 11)

- "the means for comparing compares one of the long-term quality metrics to the threshold quality setting" (claims 10, 12)

- "the means for generating quality metrics comprising a means for generating the short-term quality metrics by accumulating a plurality of quality information from the decoding process over a CQI frame" (claim 13)

- "generating quality soft decision metrics in a decoding process associated with a quality of the received channel quality indicator (CQI)" (claim 15)

- "determining whether to dynamically adjust at least one of a mode setting, a reverse link outer loop power control setting, or a repetition factor based on the comparison" (claim 15)

- "generating long-term metrics by accumulating a plurality of quality metrics over a period of more than one frames" (claim 15)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions. By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

written description and/or enabling disclosure with the alleged scope of the claims and may be

indefinite, and therefore invalid.

### 10.    The 446 Patent

Defendants contend that the Asserted Claims of the 446 Patent may be invalid under 35

U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure

commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The

446 Patent, read in light of its specification and prosecution history, may fail to inform, with

reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus,*

*Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 446 Patent may not enable a POSITA

to practice the full scope of the alleged invention claimed without undue experimentation.  The

446 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth

in Plaintiff's Infringement Contentions.   The 446 Patent also may fail to provide sufficient

guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims

such that they may lack a corresponding disclosure in the patent specification and are different

from what is disclosed in the 446 Patent.   Accordingly, there may be a zone of uncertainty

concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern

the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims

may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-

AIA).

Specifically, based on the claim terms identified below, at least the following Asserted

Claims of the 446 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

description and/or enabling disclosure commensurate with the alleged scope of the claims, and as

being indefinite:

- "A method of regulating rogue behavior in an optical network component comprising an optical transmitter" (claim 1)

- "removing the suspect rogue flag from the register if it is determined that the output threshold was not exceeded in a monitoring window occurring after the suspect rogue flag has been set" (claim 1)

- "Apparatus for regulating rogue behavior in an optical transmission device" (claim 15)

- "an output indicator monitor, a register for storing a suspect rogue flag if the output indicator monitor detects that an output indicator threshold has been exceeded during a monitoring window" (claim 15)

- "a reader for reading the register to determine whether a suspect rogue flag has been set" (claim 15)

- "a determiner for determining whether to disable the optical transmitter if a suspect rogue flag has been set" (claim 15)

- "a timer for timing the duration between a temporary disable command and an enable command" (claim 15)

To the extent Defendants provide claim charts for prior art references that disclose the

limitations above, Defendants' contentions are based on the apparent meaning of these limitations

provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art

references that disclose the limitations above, Defendants do not waive and specifically preserve

their contention that these limitations and the claims in which these limitations appear may lack a

written description and/or enabling disclosure with the alleged scope of the claims and may be

indefinite, and therefore invalid.

**11.     The 727 Patent**

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Defendants contend that the Asserted Claims of the 727 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The 727 Patent, read in light of its specification and prosecution history, may fail to inform, with reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 727 Patent may not enable a POSITA to practice the full scope of the alleged invention claimed without undue experimentation.  The 727 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth in Plaintiff's Infringement Contentions.  The 727 Patent also may fail to provide sufficient guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims such that they may lack a corresponding disclosure in the patent specification and are different from what is disclosed in the 727 Patent.  Accordingly, there may be a zone of uncertainty concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-AIA).

Specifically, based on the claim terms identified below, at least the following Asserted Claims of the 727 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written description and/or enabling disclosure commensurate with the alleged scope of the claims, and as being indefinite:

- "calculating said Performance Monitoring function by implementing a correlation of the information regarding said corrected and uncorrected blocks" (claims 1, 6, 7)

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

- "wherein said correlation of the information regarding said corrected and uncorrected blocks includes calculating information comprising: a defected base reference time period (SCS) or a time period where at least an uncorrected block (UB) has been detected; and a number of corrected errors (BCE) in a non-SCS base reference time period" (claims 1, 6, 7)

- "means for implementing a Performance Monitoring function based on data retrieved through a Forward Error Correction function" (claims 4, 5)

- "means for receiving blocks of data" (claims 4, 5)

- "means for obtaining data through the Forward Error Correction function carried out on the blocks of received data" (claims 4, 5)

- "means for classifying said blocks either as corrected or uncorrected through the Forward Error Correction function" (claims 4, 5)

- "means for calculating the Performance Monitoring function by implementing a correlation of the information regarding said corrected and uncorrected blocks" (claims 4, 5)

- "implementing a Performance Monitoring function based on data retrieved through a Forward Error Correction function" (claims 6 and 7)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure with the alleged scope of the claims and may be indefinite, and therefore invalid.

### 12.   The 480 Patent

Defendants contend that the Asserted Claims of the 480 Patent may be invalid under 35 U.S.C. § 112 (all pre-AIA) as lacking a written description and/or enabling disclosure

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

commensurate with the alleged scope of the claims, and as being unduly vague and indefinite.  The

480 Patent, read in light of its specification and prosecution history, may fail to inform, with

reasonable certainty, those skilled in the art about the scope of the alleged invention.  *See Nautilus,*

*Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  The 480 Patent may not enable a POSITA

to practice the full scope of the alleged invention claimed without undue experimentation.  The

480 Patent further may not enable a POSITA to practice the scope of the alleged invention set forth

in Plaintiff's Infringement Contentions.  The 480 Patent also may fail to provide sufficient

guidance on aspects Plaintiff now asserts to be part of the alleged patented invention.

In its Infringement Contentions, Plaintiff appears to construe the Asserted Patent claims

such that they may lack a corresponding disclosure in the patent specification and are different

from what is disclosed in the 480 Patent.  Accordingly, there may be a zone of uncertainty

concerning the breadth and meaning of the claim terms such that a POSITA is unable to discern

the scope of the Asserted Claims with reasonable certainty.  Accordingly, the Asserted Claims

may be rendered indefinite and lack adequate support within the meaning of 35 U.S.C. § 112 (pre-

AIA).

Specifically, based on the claim terms identified below, at least the following Asserted

Claims of the 480 Patent may be invalid under 35 U.S.C. § 112 (pre-AIA) as lacking a written

description and/or enabling disclosure commensurate with the alleged scope of the claims, and as

being indefinite:

- "detecting with a hybrid automatic repeat request function a collision between an uplink packet re-transmission and a new uplink packet transmission within a hybrid automatic repeat request process" (claim 1)

- "in response, the hybrid automatic repeat request function dynamically allocating resources for transmitting the new uplink packet transmission in a different hybrid automatic repeat request process that does not collide with the uplink packet re-transmission . . . wherein the resources are persistently allocated for

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

transmitting the new uplink packet transmission in the different hybrid automatic repeat request process" (claims 1 and 2)

- "detecting with a hybrid automatic repeat request function a collision between an uplink packet re-transmission and a new uplink packet transmission within a hybrid automatic repeat request process" (claim 5)

- "in response, the hybrid automatic repeat request function dynamically allocating resources for transmitting the new uplink packet transmission in a different hybrid automatic repeat request process that does not collide with the uplink packet re-transmission . . . where resources are persistently allocated for transmitting the new uplink packet transmission in the different hybrid automatic repeat request process" (claims 5 and 6)

- "a hybrid automatic repeat request functional unit configured to detect with a hybrid automatic repeat request function, a collision between an uplink packet re-transmission and a new uplink packet transmission within a hybrid automatic repeat request process" (claim 7)

- "in response, the hybrid automatic repeat request functional unit being configured to dynamically allocate resources for transmitting the new uplink packet transmission in a different hybrid automatic repeat request process that does not collide with the uplink packet re-transmission . . . wherein resources are persistently allocated for transmitting the new uplink packet transmission in the different hybrid automatic repeat request process" (claims 7 and 9)

- "responsive to receiving a dynamic allocation of a different hybrid automatic repeat request process, transmitting a new packet using the dynamically allocated different hybrid automatic repeat request process. . . persistently allocating a resource for transmitting the new packet transmission in the different hybrid automatic repeat request process" (claims 11 and 12)

- "the dynamic allocation of the different hybrid automatic repeat request process is received from a network element" (claims 13 and 16)

- "responsive to receiving a dynamic allocation of a different hybrid automatic repeat request process, transmitting a new packet using the dynamically allocated different hybrid automatic repeat request process. . . where a resource is persistently allocated for transmitting the new packet transmission in the different hybrid automatic repeat request process" (claims 14 and 15)

- "responsive to receiving a dynamic allocation of a different hybrid automatic repeat request process, the hybrid automatic repeat request functional unit

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

configured to transmit a new packet using the dynamically allocated different hybrid automatic repeat request process. . . wherein the dynamic allocation comprises a resource is persistently allocated for transmitting the new packet transmission in the different hybrid automatic repeat request process" (claims 17 and 18)

- "a receiver configured to receive the dynamic allocation of the different hybrid automatic repeat request process from a network element" (claim 19)

To the extent Defendants provide claim charts for prior art references that disclose the limitations above, Defendants' contentions are based on the apparent meaning of these limitations provided by Plaintiff in its Infringement Contentions.  By providing claim charts for prior art references that disclose the limitations above, Defendants do not waive and specifically preserve their contention that these limitations and the claims in which these limitations appear may lack a written description and/or enabling disclosure with the alleged scope of the claims and may be indefinite, and therefore invalid.

### C.    Contentions Under 35 U.S.C. § 101

Defendants also contend that the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C § 101 because they are not directed to patent-eligible subject matter.  Whether an invention is eligible for patent protection under 35 U.S.C. § 101 is a "threshold test." *See Bilski v. Kappos*, 130 S. Ct. 3218, 3225 (2010). Under this "threshold test," the court "must first determine whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347, 2355 (2014). If so, the court must then "consider the elements of each claim both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application." *See id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 132 S. Ct 1289, 1297 (2012)).

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

In *Alice,* the Supreme Court set forth a two-part test to analyze patent eligibility:  (1) determine whether the claims are directed to an abstract idea or other patent-ineligible concept; and (2) if so, determine whether the claim amounts to "significantly more" than the abstract idea. If the claim does not recite "significantly more" than the abstract idea, it is invalid. *Id.* at 2355.

The first step of the *Alice* test requires the Court to ask whether the claim is "directed to a patent-ineligible concept," such as an abstract idea.  *Id.*  An idea is abstract if it has "no particular concrete or tangible form."  *Ultramercial, Inc. v. Hulu, LLC,* 772 F.3d 709, 715 (Fed. Cir. 2014). A telling and common feature of an abstract idea is that its elements are the equivalent of human work that can be performed without a computer.  A method that "can be performed in the human mind, or by a human using a pen and paper" "is merely an abstract idea and is not patent-eligible under § 101."  *CyberSource Corp. v. Retail Decisions, Inc.,* 654 F.3d 1366, 1372-73 (Fed. Cir. 2011); *see also Gottschalk v. Benson,* 409 U.S. 63, 67 (1972) (method that "can be done mentally" was an abstract idea).  Furthermore, the fact that a computer can expedite a mental process does not turn an abstract idea into something patent-eligible.  *See Bancorp,* 687 F.3d at 1279 ("Using a computer to accelerate an ineligible mental process does not make that process patent-eligible.").

If the answer to the first question is yes, then the second step of the *Alice* framework requires the Court to determine whether there are "additional elements [that] 'transform the nature of the claim' into a patent-eligible application."  *Alice,* 134 S. Ct. at 2355 (quoting *Mayo Collaborative Servs.,* 132 S. Ct. at 1296-97).  The second step entails a search for an "'inventive concept'" "that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself."  *Id.* (quotation omitted).  "Simply appending conventional steps, specified at a high level of generality, [is] not enough to supply an inventive concept" needed to make this transformation.  *Id.* at 2357 (quotation omitted).  Further, "[t]he

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

introduction of a computer into the claims does not alter the analysis." *Id.* Neither "stating an abstract idea while adding the words 'apply it,'" nor "limiting the use of an abstract idea to a particular technological environment," "is [] enough for patent eligibility." *Id.* at 2358 (quotation omitted). Further, the Federal Circuit has held that the "machine-or-transformation test" "can provide a 'useful clue' in the second step of the *Alice* framework." *Ultramercial,* 772 F.3d at 716.

Where the additional elements are "'well-understood, routine, conventional activit[ies]' previously known to the industry," the claim is not patent-eligible. *Alice,* 134 S. Ct. at 2359 (quoting *Mayo Collaborative Servs.,* 132 S. Ct. at 1294). Moreover, "[s]oftware may be patent eligible, but when a claim is not directed towards a process, the subject matter must exist in tangible form." *Allvoice Developments US, LLC v. Microsoft Corp.,* No. 2014-1258 (Fed. Cir. May 22, 2015). "Except for process claims, the eligible subject matter must exist in some physical or tangible form." *See id.* (citations omitted). Where the claim elements are all software elements that do not expressly require hardware elements, the claim lacks subject matter eligibility. *Id.*

In determining patent eligibility under § 101, courts must focus on the claims. Disclosures in the specification will not save an otherwise abstract claim. *Dealertrack, Inc. v. Huber,* 674 F.3d 1315, 1334 (Fed. Cir. 2012).

One or more of the Asserted Claims is invalid under 35 U.S.C. § 101 as directed to patent ineligible subject matter because it is directed to an abstract idea and does not contain an inventive concept that amounts to substantially more than a claim directed to the abstract idea itself.

### 1.    627 Patent

Claims 1, 29, and 30 of the 627 Patent are directed to fundamental concepts of network traffic protection. These claims do not contain an inventive concept at least because the claims

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

recite nothing more than a conventional use case of well-known traffic network protection technologies and implementations, in which the network devices implementing traffic network protection technologies make use of it operate according to their known and conventional functions.

### 2.    713 Patent

Claims 1 and 5 of the 713 Patent are directed to a switch fabric access system. This subject matter amounts to no more than the application of fundamental concepts of the known switching and routing technology. For example, avoiding unavailable links while routing data packets is a conventional use case of the known switching and routing technology.

### 3.    755 Patent

Similar to the above-referenced claims of the 627 Patent, claims 1, 10, 13, 18, 20, 23, and 25 of the 755 Patent are directed to fundamental concepts of network traffic protection. These claims do not contain an inventive concept at least because the claims recite nothing more than a conventional use case of well-known traffic network protection technologies and implementations, in which the network devices implementing traffic network protection technologies make use of it operate according to their known and conventional functions.

### 4.    546 Patent

Claim 1 of the 546 Patent is directed to fundamental concepts of network device detection. This claim does not contain an inventive concept at least because the claim recites nothing more than a conventional use case of well-known device detection technologies and implementations, in which the network devices implementing device detection technologies make use of it operate according to their known and conventional functions.

### 5.    512 Patent

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Claims 1, 11, 22, 23, 24, and 27 of the 512 Patent are directed to a method and apparatus for managing radio resources in a radio system. This subject matter amounts to no more than the application of fundamental concepts of the known radio resource management technology, in which the network devices implementing communication technologies make use of it operate according to their known and conventional functions. For example, a transport resource management unit and a radio resource management unit are well-known devices/functionalities in a radio network.

### 6.    973 Patent

Claims 1 and 9 of the 973 Patent are directed to a lossless processing system/method. This subject matter amounts to no more than the application of fundamental concepts of the known flow control technology. For example, adjusting a rate of packets or discarding packets when a queue is full is a conventional use case of the known flow control technology.

### 7.    224 Patent

Claim 1 of the 224 Patent is directed to fundamental communication concepts. This claim does not contain an inventive concept at least because the claims recite nothing more than a conventional use case of well-known communication concepts, methodologies, and implementations, in which the network devices implementing communication technologies make use of it operate according to their known and conventional functions.

### 8.    112 Patent

Claims 1 and 11 of the 112 Patent are directed to a method for switch protection. This subject matter amounts to no more than the application of fundamental concepts of the known switching technology. For example, making a switch to a new transmission port or issuing an

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

alarm in response to a degradation of bit error rate is a conventional use case of the known switch protection technology.

### 9. 199 Patent

Claims 1, 9, and 15 of the 199 Patent are directed to fundamental quality control concepts. These claims do not contain an inventive concept at least because the claims recite nothing more than a conventional use case of well-known quality control concepts, methodologies, and implementations, in which the network devices implementing quality control technologies make use of it operate according to their known and conventional functions.

### 10. 446 Patent

Claims 1 and 15 of the 446 Patent are directed to regulation of rogue behaviors of an optical network device. These claims recite little more than programmable processors, with generic components such as a "register," a "reader," a "determiner," and a "timer" that merely provide a generic environment in which to carry out an abstract idea, such as determining whether to perform a certain action (e.g., disable a transmitter) by checking whether an error has been recorded (e.g., a flag in a register).

### 11. 727 Patent

Claims 1, 4, 5, 6, and 7 of the 727 Patent are directed to fundamental quality control concepts. These claims do not contain an inventive concept at least because the claims recite nothing more than a conventional use case of well-known quality control concepts, methodologies, and implementations, in which the network devices implementing quality control technologies make use of it operate according to their known and conventional functions.

### 12. 480 Patent

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Claims 1, 5, 7, 11, 14, and 17 of the 480 Patent are directed to automatic repeat request functionality (HARQ) and resource scheduling/allocation in wireless communication systems. This subject matter amounts to no more than the application of fundamental concepts of the known dynamic and semi-persistent/persistent scheduling of resources and HARQ technology.

Defendant's investigation is ongoing, but at least in view of the foregoing, Defendant contends that the above-referenced claims are invalid for claiming patent-ineligible subject matter under 35 U.S.C. § 101.

## IV.    TABLE OF EXHIBITS

| Table of Exhibits | |
|---|---|
| **Exhibit** | **Description** |
| A | List of charted prior art references and invalidity charts for the 627 Patent |
| B | List of charted prior art references and invalidity charts for the 713 Patent |
| C | List of charted prior art references and invalidity charts for the 755 Patent |
| D | List of charted prior art references and invalidity charts for the 546 Patent |
| E | List of charted prior art references and invalidity charts for the 512 Patent |
| F | List of charted prior art references and invalidity charts for the 973 Patent |
| G | List of charted prior art references and invalidity charts for the 224 Patent |
| H | List of charted prior art references and invalidity charts for the 112 Patent |
| I | List of charted prior art references and invalidity charts for the 199 Patent |
| J | List of charted prior art references and invalidity charts for the 446 Patent |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

| K | List of charted prior art references and invalidity charts for the 727 Patent |
|---|---|
| L | List of charted prior art references and invalidity charts for the 480 Patent |

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

Dated:  December 7, 2020

Respectfully submitted,

*/s/ Jason W. Cook*

Jason W. Cook
Texas Bar No. 24028537
Shaun W. Hassett
Texas Bar No. 24074372
**McGuireWoods LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6400
jcook@mcguirewoods.com
shassett@mcguirewoods.com

Tyler T. VanHoutan
Texas Bar No. 24033290
**McGuireWoods LLP**
600 Travis St., Suite 7500
Houston, TX 77002
Telephone: (713) 571-9191
tvanhoutan@mcguirewoods.com

J. Mark Mann
Texas Bar No. 12926150
G. Blake Thompson
Texas Bar No. 24042033
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Defendants Huawei Technologies
Co., Ltd., Huawei Technologies USA, Inc.,
Huawei Device Co. Ltd. (f/k/a Huawei Device
(Dongguan) Co.), Huawei Device (Shenzhen) Co.,
Ltd. (f/k/a Huawei Device Co. Ltd.) and Huawei
Device USA*

CONFIDENTIAL
SUBJECT TO ORDER GOVERNING PROCEEDINGS (DKT. NO. 22)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record who are deemed to have consented to electronic service via electronic mail on December 7, 2020.


*/s/ Jason W. Cook*
Jason W. Cook