# EXHIBIT 6

| Datum<br>Date  19.01.2011 | Blatt<br>Sheet  1<br>Feuille | Anmelde-Nr:<br>Application No:  08 835 383.4<br>Demande n°: |
|---|---|---|

The examination is being carried out on the **following application documents**

**Description, Pages**

1-13           received on       21-12-2010      with letter of      20-12-2010

**Claims, Numbers**

1-15           received on       21-12-2010      with letter of      20-12-2010

**Drawings, Sheets**

1/5-5/5        as published


The following document is cited by the Examiner. A copy of the document is annexed to the communication and the numbering will be adhered to in the rest of the procedure.

  D3      LG ELECTRONICS: "Considerations on UL HARQ",
          3RD GENERATION PARTNERSHIP PROJECT (3GPP),
          vol. RAN WG2, no. Orlando, USA; 20070622, 22 June 2007 (2007-06-22),
          XP050135522,
          [retrieved on 2007-06-22]


                                         I

1       The independent claims have been amended in order to remove an unclear expression. However, the amendment includes an unclear phrase and therefore the amended independent claims still contravenes Article 84 EPC, and furthermore extends beyond the content of the application as originally filed, contrary to the requirements of Article 123(2) EPC. The amendment concerned recites that "a new uplink packet transmission and an uplink packet retransmission [...] are to occur within one HARQ process". It is not clear what exactly is the technical meaning of "are to occur within one HARQ process". First of all, it is customary that retransmissions and new packet transmissions occur within one HARQ process (as soon as a retransmission has been successfully received, a new packet transmission occurs within the same process). Secondly, there is no basis for the expression "are to occur". When reading the description, it becomes apparent that what is meant is that semi-persistent scheduling and synchronous HARQ is employed and that it is

| Datum<br>Date   19.01.2011 | Blatt<br>Sheet   2<br>Feuille | Anmelde-Nr:<br>Application No:   08 835 383.4<br>Demande n°: |
|---|---|---|

        detected that the sub-frame at which the semi-persistent scheduling specifies the transmission of the new packet is the same that the sub-frame at which the synchronous HARQ specifies the retransmission of a packet. If this is indicated in the claims, the clarity deficiency would be remedied (due care should be taken that the particular wording used in the claims satisfy the requirements of Article 123(2) EPC).

2        The subject-matter of claims 2, 7, 10 and 13 is unclear, since they refer to "persistently allocating" resources, which have been defined to be "dynamically allocated" in the independent claim on which they depend. There appears to be a contradiction, as dynamically and persistently are mutually exclusive.

3        The subject-matter of dependent claims 3 and 8 is unclear (Article 84 EPC). First of all, they refer to "the <u>delayed</u> new transmission", which has never been defined. Furthermore, it is not understood the technical meaning of "freely allocating [...] to occur in any hybrid automatic repeat request process". The independent claims on which they depend specify that the allocation occurs in a different HARQ process whithout specifying any further constraint. On the one hand, the no constraint of the dependent claims (freely [...] in any) is in contradiction with the independent claim specifying that it has to be a "different" HARQ process that the one initially foreseen. Furthermore, even if it were specified in these claims that they refer to any ARQ process "other than the one initially foreseen", it would still be unclear what is meant by "freely" (maybe a random selection?). It appears difficult to solve this deficiency without deleting these claims.

<div align="center">II</div>

In order to assess the inventive merit of the independent claims, they have been interpreted as mentioned in point I.1 above.

1        Independent claim 1 does not satisfy the requirements of Article 52(1) EPC, because arriving at its subject-matter does not involve an inventive step in the sense of Article 56 EPC.

        Document D3, considered to be the closest prior art, discloses that for semi-persistent scheduling, in order to avoid a collision with a pre-allocated resource, the eNB sends a dynamic allocation command to the UE that overrides the pre-defined allocation of the semi-persistent scheduling (see D3, section 1). It is straight-forward to apply this technique to the particular case wherein synchronous HARQ is used in combination with the semi-persistent scheduling and the same resource is scheduled to be used for the re-

| | | |
|---|---|---|
| Datum<br>Date   19.01.2011<br>Date | Blatt<br>Sheet   3<br>Feuille | Anmelde-Nr:<br>Application No:   08 835 383.4<br>Demande n°: |

    transmission and for the transmission of a new packet. Consequently, arriving at a method falling within the scope of claim 1 does not involve an inventive step.

2    The same argument applies to independent claims 4, 5, 9, 11, 12, which are consequently also not allowable due to lack of inventive merit (Article 56 EPC).

3    Dependent claims 2-3, 6-8, 10, 13-15 does not appear to contain any additional features which, in combination with the features of any claim to which it refers, meet the requirements of the EPC with respect to novelty and/ or inventive step.

<p align="center">III</p>

It is not at present apparent which part of the application could serve as a basis for a new, allowable claim. Unless the Applicant succeeds in filing new claims based on inventive features, a refusal should be expected an oral proceeding will be immediately arranged at the next procedural stage.

If despite the above considerations the procedure should be continued, the Applicant is requested to point out and discuss in his reply letter any difference which would distinguish the subject-matter of the present application from the disclosure of the demonstrated prior art. Furthermore, to meet the requirements of Rule 42(1)(b) EPC, the document D3 should be identified in the description and the relevant background art disclosed therein should be briefly discussed.

The description must be brought into conformity with the new claims to be filed (Rule 42(1)(c) EPC and Guidelines C-II-4.5). During revision of the application, due care should be taken not to add any subject-matter which extends beyond the content of the application as originally filed (Article 123 (2) EPC). In order to expedite the procedure, the Applicant is requested to <u>clearly mark the amendments carried out, be it for amendments by addition, replacement or deletion and to indicate on which parts of the originally filed application documents these amendments are based</u> (cf. Guidelines E-II-1).

Case 6:20-cv-00541-ADA   Document 46-14   Filed 03/05/21   Page 5 of 6



| Européisches Patentamt / European Patent Office / Office européen des brevets | European Patent Office<br>80298 MUNICH<br>GERMANY<br>Tel: +49 89 2399 0<br>Fax: +49 89 2399 4465 |

Tognetty, Virpi Maria
Nokia Corporation
IPR Department
Keilalahdentie 4
02150 Espoo
FINLANDE

**Formalities Officer**
Name: Filip, Hannelore
Tel: +49 89 2399 - 8729
or call
+31 (0)70 340 45 00

**Substantive Examiner**
Name: Agudo Cortada, E
Tel: +49 89 2399 - 7111

| Application No.<br>08 835 383.4 - 2415 | Ref.<br>NC61924EP | Date<br>19.01.2011 |
|---|---|---|
| Applicant<br>Nokia Corporation | | |

**Communication pursuant to Article 94(3) EPC**

The examination of the above-identified application has revealed that it does not meet the requirements of the European Patent Convention for the reasons enclosed herewith. If the deficiencies indicated are not rectified the application may be refused pursuant to Article 97(2) EPC.

You are invited to file your observations and insofar as the deficiencies are such as to be rectifiable, to correct the indicated deficiencies within a period

**of   4   months**

from the notification of this communication, this period being computed in accordance with Rules 126(2) and 131(2) and (4) EPC. One set of amendments to the description, claims and drawings is to be filed within the said period on separate sheets (R. 50(1) EPC).

If filing amendments, you must identify them and indicate the basis for them in the application as filed. Failure to meet either requirement may lead to a communication from the Examining Division requesting that you correct this deficiency (R. 137(4) EPC).

**Failure to comply with this invitation in due time will result in the application being deemed to be withdrawn (Art. 94(4) EPC).**

**Registered Letter**
EPO Form 2001  04.10CSX

| Date 19.01.2011 | Sheet 2 | Application No.: 08 835 383.4 |
|---|---|---|



Agudo Cortada, E
Primary Examiner
**For the Examining Division**

Enclosure(s):   3  page/s reasons (Form 2906)
                XP050135522

**Registered Letter**
EPO Form 2001  04.10CSX